**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Peter CHONG, Defendant—Appellant.**

No. 03–10222.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2005.

Decided Aug. 18, 2005.

See also 419 F.3d 1076.

Brian J. Stretch, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff—Appellee.

Alan P. Caplan, Esq., Law Offices of Alan P. Caplan, San Francisco, CA, for Defendant—Appellant.

Before: THOMAS and FISHER, Circuit Judges, and ROBART, District Judge.*

MEMORANDUM **

Peter Chong appeals his conviction on extortion counts stemming from his involvement with the Wo Hop To gang in Northern California. Chong also appeals the district court's evidentiary rulings. We affirm the district court on all issues.[1]

Chong challenges on insufficient evidence grounds his conviction on the extortion-related counts. Evidence is sufficient to sustain a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nelson*, 137 F.3d 1094, 1103 (9th Cir.1998). The jury heard testimony from witnesses who indicated they had been subjected to extortion, providing sufficient evidence for the jury to convict Chong on these counts.

Chong further challenges the admission of expert testimony by Oakland Police Department Sergeant Harry Hu, who described the structure of Asian organized crime groups with a presence in the Bay Area. "Expert testimony on the structure of criminal enterprises is allowed to help the jury understand the scheme and assess a defendant's involvement in it." *United States v. Patterson*, 819 F.2d 1495, 1507 (9th Cir.1987). The district court permitted Hu to testify as an expert under Federal Rule of Evidence 702 as to the structure of the Wo Hop To and other organizations, as well as the different positions within those groups. However, the court precluded any testimony about the specific identity of members of the groups. Hu's testimony is therefore unlike that found improper in *United States v. Casas*, in which the government used the testimony of an expert agent "to map out its case and to describe the role played by individual defendants." 356 F.3d 104, 117 (1st Cir.2004). The district court did not abuse its discretion in admitting Hu's expert testimony. *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir.2000).

Chong further contends that the testimony of Hu and Case Agent Anthony Lau incorporated testimonial hearsay from witnesses who Chong was not able to cross examine, violating his Confrontation Clause rights under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We reject this claim. Hu explained that the basis for his expert testimony, providing a summary overview of the organized Asian criminal structure in general, came from informants, other law enforcement sources and cooperating witnesses, particularly from his experience as a member of an intelligence unit targeting Asian organized crime. Under Federal Rule of Evidence 703, "[t]he facts or

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In a separate published opinion, filed concurrently herewith, we conclude that the jury had insufficient evidence to convict Chong of murder-for-hire and reverse on the substantive and conspiracy counts related to that offense.

data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted."

Here, the district court qualified Hu as an expert. The court, however, acknowledged concerns about Hu answering certain questions such as naming the leaders of the organization. "He can give us an outline of what these organizations look like and what roles are played by people, but he can't identify those people [be]cause I think that's going beyond his area of expertise into an area of simply . . . using hearsay." [2]

■ The district court ensured that Hu's statement did not involve testimonial statements offered to prove facts related to this particular defendant or his alleged crime. Hu's generalized description of the practice of the gangs in the area is unlike, for example, the statements at issue in *United States v. Nielsen*, where a police officer related the hearsay statement of another person describing how the defendant had access to the location where the drugs were hidden. 371 F.3d 574, 581 (9th Cir.2004). Hu's generalized expert testimony is not the kind of testimonial evidence precluded by *Crawford. See* 541 U.S. at 51, 124 S.Ct. 1354 (describing a testimonial statement as " '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact' ").

■ As for Lau, he testified that he "heard of Mr. Chong, Chong Bing Keung,

Peter Chong, later on emerging as the leader [of the Wo Hop To triad] here in San Francisco Chinatown," implicating Chong as a prominent figure within the gang. To the extent that Lau learned of this connection from another source, who was not subject to Chong's cross examination, Lau's statement may have constituted testimonial hearsay. Even so, its admission was harmless error. The jury heard directly from Wayne Kwong and Raymond Chow about Chong's prominent role in the Wo Hop To and need not have relied on Lau's indirect knowledge about Chong's leadership position.

■ Finally, Chong contends that the district court abused its discretion in not admitting into evidence a report detailing why Kwong was terminated from the witness protection program. However, Kwong admitted on cross examination that he had been terminated from the program because of his contact with various people he knew from his past, that he violated the rules by doing so and that he failed to admit his violation to law enforcement officers. Questions regarding whether Kwong had been prosecuted or expected to be prosecuted also were covered in cross examination. Thus, the district court did not abuse its discretion in excluding the report and limiting the cross examination of Kwong. *United States v. Dadanian*, 818 F.2d 1443, 1448 (9th Cir.1987).

**AFFIRMED.**

---

**2.** Although Chong questioned Hu about whether the sources he relied on were credible, he did not raise a hearsay objection after the court's ruling.